UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

NORBERTO APONTE,
And other similarly situated individuals,

      Plaintiff (s),

v.

JUGAMAXA LLC.,
and MARTHA GARCIA HURTADO, individually

      Defendants.
_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff NORBERTO APONTE and other similarly-situated

individuals, by and through the undersigned counsel, and sues Defendants JUGAMAXA

LLC., and MARTHA GARCIA HURTADO individually and alleges:

1. This is an action to recover money damages for unpaid overtime wages and
   retaliation under the laws of the United States.  This Court has jurisdiction pursuant
   to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional
   placement) ("the Act").

2. Plaintiff NORBERTO APONTE is a resident of Orlando, Florida, within the
   jurisdiction of this Honorable Court, and is otherwise sui juris. Plaintiff is a covered
   employee for purposes of the Act.

3. Defendant JUGAMAXA LLC. (hereinafter JUGAMAXA, or Defendant) is a
   Florida Profit Corporation having place of business in Orange County, Florida,

where Plaintiff worked for Defendant. Defendant JUGAMAXA is engaged in interstate commerce.

4.  The individual Defendant MARTHA GARCIA HURTADO was and is now the owner, manager and operator of JUGAMAXA. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5.  All the actions raised in this complaint took place in Orange County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

6.  This cause of action is brought by Plaintiff NORBERTO APONTE as a collective action to recover from Defendants overtime compensation, liquidated damages, retaliatory damages and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff, and all other current and former employees similarly situated to Plaintiff ("the asserted class") who worked in excess of forty (40) hours during one or more weeks on or after November 2018 (the "material time") without being compensated overtime wages pursuant to the FLSA.

7.  Defendant JUGAMAXA is a landscaping company, providing residential and commercial landscaping services in Orange County.

8.  Defendants JUGAMAXA and MARTHA GARCIA HURTADO employed Plaintiff NORBERTO APONTE as a landscaper from approximately November 01, 2018 to March 22, 2019, or 20 weeks.

9.  Plaintiff's wage rate was $11.25 an hour.  Plaintiff overtime rate should be $16.88 an hour.

10. While employed by Defendants Plaintiff had a regular schedule. Plaintiff worked Monday to Friday from 7:00 AM to 7:00 PM (12 hours each day). Plaintiff completed 60 working hours every week period. Plaintiff was unable to take bona-fide lunch periods.

11. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff was paid for only 40 regular hours or $450.00 weekly.

12. Plaintiff did no clock in and out because Defendants did not maintain any time-keeping method, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

13. Therefore, Defendants willfully failed to pay Plaintiff, and other similarly situated employees, overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

14. Plaintiff was paid weekly with checks, without any record or paystub providing basic information such as number of days and hours worked, wage rate, employee's taxes deducted etc. etc.

15. On or about March 22, 2019, Plaintiff complained to the owner of the business MARTHA GARCIA HURTADO about missing overtime payment, time and payment records.  Plaintiff requested to be paid for overtime hours.  Defendant MARTHA GARCIA HURTADO refused to pay overtime hours.

16. The same day, Plaintiff's supervisor told Plaintiff that he was fired and ordered him not to show up for work anymore.  The supervisor stated that Defendant MARTHA GARCIA HURTADO was firing him because he demanded to be paid overtime hours.

17. There was no reason to fire Plaintiff other than his complaints requesting to be paid for overtime hours at the rate of time and one half his regular rate.

18. Plaintiff NORBERTO APONTE seeks to recover unpaid overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

19. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate of unpaid wages based on his recollections.

20. The additional persons who may become Plaintiffs in this action are/were non-exempt hourly employees who worked in excess of forty (40) hours during one or more work weeks during the relevant time period, but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

**<u>COUNT I</u>:**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION of 29 U.S.C. § 207 (a)(1); FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

21. Plaintiff NORBERTO APONTE re-adopts each and every factual allegation as stated in paragraphs 1-20 above as if set out in full herein.

22. This action is brought by Plaintiff NORBERTO APONTE, and those similarly-situated, to recover from his employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the

provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

23. The employer JUGAMAXA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a landscaping company. Defendant has more than two employees directly and recurrently engaged in interstate commerce. At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services to customers from throughout the United States. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside of the State of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was in excess of $500,000 per annum. Therefore, there is enterprise coverage.

24. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, handling and working on goods and materials and that were produced for commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

25. Defendants JUGAMAXA and MARTHA GARCIA HURTADO employed Plaintiff NORBERTO APONTE as a landscaper from approximately November 01, 2018 to March 22, 2019, or 20 weeks.

26. Plaintiff wage rate was $11.25 an hour.  Plaintiff overtime rate should be $16.88 an hour.

27. While employed by Defendants Plaintiff had a regular schedule. Plaintiff worked Monday to Friday from 7:00 AM to 7:00 PM (12 hours each day). Plaintiff completed 60 working hours every week period.

28. Plaintiff worked 60 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff was paid for only 40 regular hours or $450.00 weekly.

29. Plaintiff did no clock in and out because Defendants did not maintain any time-keeping method, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

30. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

31. Plaintiff was paid weekly with checks, without any record or paystub providing basic information such as number of days and hours worked, wage rate, employee's taxes deducted etc. etc.

32. The records, if any, concerning the number of hours actually worked by Plaintiff and all other employees, and the compensation actually paid to such employees

should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

33. Defendants violated the record keeping requirements of FLSA, 29 CFR Part 516.

34. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

35. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages are as follows:

*Plaintiff is not in possession of time and payment records, and he is providing this preliminary good faith estimate of the unpaid half-time overtime, based on his best recollections.  Plaintiff will amend his calculations after proper discovery.

 a. <u>Total amount of alleged unpaid O/T wages</u>:

  Six Thousand Seven Hundred Fifty-Two Dollars and 00/100 ($6,752.00)

 b. <u>Calculation of such wages</u>:

  Total number of relevant weeks: 20 weeks
  Total hours worked weekly: 60 hours
  Total overtime hours weekly: 20 O/T hours weekly
  Regular rate: $11.25 an hour x 1.5= $16.88
  O/T rate: 16.88

  O/T rate: $16.88 x 20 O/T hours=337.60 weekly x 20 weeks=$6,752.00

  <u>Nature of wages (e.g. overtime or straight time)</u>:

  This amount represents unpaid overtime wages.

37. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendants to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

38. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

39. At the times mentioned, individual Defendant MARTHA GARCIA HURTADO was, and is now the owner/manager and operator of Defendant Corporation JUGAMAXA. Individual Defendant MARTHA GARCIA HURTADO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of JUGAMAXA in relation to its

employees, including Plaintiff and others similarly situated.  Individual Defendant MARTHA GARCIA HURTADO had absolute financial and operational control of JUGAMAXA, and she is jointly and severally liable for Plaintiff's damages.

40. Defendants JUGAMAXA and MARTHA GARCIA HURTADO willfully and intentionally refused to pay Plaintiff NORBERTO APONTE overtime wages as required by the law of the United States and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NORBERTO APONTE and those similarly-situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff NORBERTO APONTE and other similarly-situated and against the Defendants JUGAMAXA and MARTHA GARCIA HURTADO, on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff NORBERTO APONTE an equal amount in double

damages/liquidated damages; and

D.  Award Plaintiff NORBERTO APONTE reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff NORBERTO APONTE and those similarly-situated demand trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE OF</u>**
**<u>NORBERTO APONTE; PURSUANT TO 29 U.S.C. 215(a)(3),</u>**
**<u>AGAINST ALL DEFENDANTS</u>**

43. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-20 of this complaint as if set out in full herein.

44. The employer JUGAMAXA was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). The defendant is a landscaping. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.  Therefore, there is enterprise coverage.

45. Plaintiff was employed by an enterprise engage in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce, by handling and working on goods and materials that were

produced for commerce and moved across State lines at any time in the course of business. Therefore, there is individual coverage.

46. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

47. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

48. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

49. Defendants JUGAMAXA and MARTHA GARCIA HURTADO employed Plaintiff NORBERTO APONTE as a landscaper from approximately November 01, 2018 to March 22, 2019, or 20 weeks.

50. Plaintiff wage rate was $11.25 an hour.  Plaintiff overtime rate should be $16.88 an hour.

51. While employed by Defendants Plaintiff had a regular schedule. Plaintiff worked Monday to Friday from 7:00 AM to 7:00 PM (12 hours each day). Plaintiff completed 60 working hours every week period.

52. Plaintiff worked more than 40 hours every week period. Nevertheless, Plaintiff never was properly compensated for overtime hours worked. Plaintiff was paid for only 40 regular hours or $450.00 weekly.

53. Plaintiff did no clock in and out because Defendants did not maintain any time-keeping method, but Defendants were able to track the hours worked by Plaintiff and other similarly situated individuals.

54. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

55. Plaintiff was paid weekly with checks, without any record or paystub providing basic information such as number of days and hours worked, wage rate, employee's taxes deducted etc. etc.

56. On or about March 22, 2019, Plaintiff complained to the owner of the business MARTHA GARCIA HURTADO about missing overtime payment, time and payment records.  Plaintiff requested to be paid for overtime hours.  Defendant MARTHA GARCIA HURTADO refused to pay overtime hours.

57. This complaint constituted protected activity under the Fair Labor Standard Act.

58. The same day Plaintiff's supervisor told Plaintiff that he was fired and ordered him not to show up for work anymore.  The supervisor stated that Defendant MARTHA GARCIA HURTADO was firing him because he demanded to be paid overtime hours.

59. At the time of his termination Plaintiff performed and excelled at the essential functions of his position. There was no other reason than retaliation to fire him.

60. Plaintiff was terminated on March 22, 2019, there is closed proximity between Plaintiff's protected activity and his termination.

61. At the times mentioned, individual Defendant MARTHA GARCIA HURTADO was, and is now the owner/manager and operator of Defendant Corporation JUGAMAXA. Individual Defendant MARTHA GARCIA HURTADO was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interest of JUGAMAXA in relation to its employees, including Plaintiff and others similarly situated.  Individual Defendant MARTHA GARCIA HURTADO had absolute financial and operational control of JUGAMAXA, and he is jointly and severally liable for Plaintiff's damages.

62. The motivating factor which caused Plaintiff's discharge as described above was his complaints seeking unpaid overtime wages from the Defendants.  In other words, Plaintiff would not have been discharge but for his complaints for unpaid overtime wages.

63. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

64. Plaintiff NORBERTO APONTE has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff NORBERTO APONTE respectfully request that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants JUGAMAXA and MARTHA GARCIA HURTADO that Plaintiff NORBERTO APONTE recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants JUGAMAXA and MARTHA GARCIA HURTADO to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff NORBERTO APONTE further prays for such additional relief as the interests of justice may require.

<u>JURY DEMAND</u>

Plaintiff NORBERTO APONTE demands trial by jury of all issues triable as of right by jury.

DATED: March 29, 2019

Respectfully Submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500

Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*