UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NORBERTO APONTE,

       Plaintiff,

v.                                                         Case No:   6:19-cv-597-Orl-41GJK

JUGAMAXA LLC. and MARTHA
GARCIA HURTADO,

       Defendants.

---

REPORT AND RECOMMENDATION[1]

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR ENTRY OF ORDER APPROVING SETTLEMENT AND DISMISSING CASE WITH PREJUDICE (Doc. No. 45)** |
| **FILED:** | **February 26, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

## I.    BACKGROUND.

On March 29, 2019, Plaintiff filed an Amended Complaint against Defendants for violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq. for unpaid overtime wages and retaliation.   Doc. No. 1.   On July 17, 2019, Plaintiff filed his Answers to Court Interrogatories.   Doc. No. 24.   On December 11, 2019, a default was entered against Defendant Jugamaxa LLC.   Doc. No. 41.   On October 16, 2019, Plaintiff filed a joint motion for approval of a Settlement Agreement ("Agreement") as to Plaintiff's FLSA claims against

---

[1] Magistrate Judge David A. Baker substituting for Magistrate Judge Gregory J. Kelly.

Defendants (the "Motion").   Doc. No. 45.

## II.    LAW.

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Store*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of counsel.

*Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at \*2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit stated:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Silva*, 307 F. App'x at 351-52.[3] For the Court to determine whether the proposed settlement is reasonable, counsel for the claimant must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs or expenses pursuant to a contract between the plaintiff and his counsel, or otherwise. *Id.*   When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee improperly detracts from the plaintiff's recovery.[4]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5]   It is the Court's responsibility to ensure that any such allocation is reasonable. *See id.*   As the Court interprets *Lynn's Food* and *Silva*, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

An alternate means of demonstrating the reasonableness of attorney's fees and costs was set forth in *Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] From a purely economic standpoint, defendants are largely indifferent as to how their settlement proceeds are divided as between plaintiffs and their counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

> adequate disclosure of the terms of settlement, including the factors
> and reasons considered in reaching same and justifying the
> compromise of the plaintiff's claims; and (3) *represents that the
> plaintiff's attorneys' fee was agreed upon separately and without
> regard to the amount paid to the plaintiff, then, unless the settlement
> does not appear reasonable on its face or there is reason to believe
> that the plaintiff's recovery was adversely affected by the amount of
> fees paid to his attorney, the Court will approve the settlement
> without separately considering the reasonableness of the fee to be
> paid to plaintiff's counsel.*

*Bonetti*, 715 F. Supp. 2d at 1228 (emphasis added). Judge Presnell maintained that if the matter of

attorney's fees is "addressed independently and seriatim, there is no reason to assume that the

lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned

finds this reasoning persuasive.

### III.   ANALYSIS.

#### A.   Settlement Amount.

This case involves disputed issues of FLSA liability, which constitutes a bona fide dispute.

Doc. No. 45 at 3-5.   Plaintiff is represented by counsel. Doc. No. 45.   Under the Agreement,

Plaintiff is receiving $1,500.00 in unpaid wages and $1,500.00 in liquidated damages. Doc. No.

45-1 at 3.   In answers to court interrogatories, Plaintiff claims he is owed $6,752.00 in unpaid

overtime wages and $9,840.00 in lost wages.   Doc. No. 36-1 at 2.

Since Plaintiff is receiving less than the amounts he claims in his interrogatory answers he

has compromised his claim under the FLSA.   *See Caseres v. Texas de Brazil (Orlando) Corp.*,

6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because

[plaintiff] will receive under the settlement agreement less than she averred she was owed under

the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*."). After

receiving sufficient information to make informed decisions, the parties decided to settle their

dispute.   Doc. Nos. 45; 45-1 at 1.   The parties cite numerous factors that support the

reasonableness of their settlement, including the risks and costs of litigation.  *Id.*  Considering

the foregoing, and the strong presumption favoring settlement, even though Plaintiff compromised

his claims, the settlement amount is fair and reasonable.

>           B.  *Attorney's Fees and Costs.*

Under the Agreement, Plaintiff's counsel will receive $3,000.00 in attorney's fees and

costs.  Doc. No. 45-1 at 3.  The parties represent that attorney's fees and costs were negotiated

separately from Plaintiff's recovery.  Doc. No. 45 at 7.  The settlement is reasonable on its face,

and the parties' representation adequately establishes that the issue of attorney's fees and costs

was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F.

Supp. 2d at 1228.  Thus, the Agreement is a fair and reasonable settlement of Plaintiff's FLSA

claim.

>           C.      *No Reemployment Clause*

The Agreement contains a no-reemployment clause.  Doc. No. 45-1 at 4.  No

reemployment clauses are permissible in FLSA settlements under certain circumstances. *See*

*generally Robertson v. Ther-RX Corp.*, No. 2:09cv1010–MHT (WO), 2011 WL 1810193, at *2

(M.D. Ala. May 12, 2011) (finding no-future-employment clause in FLSA settlement agreement

inconsequential where plaintiffs did not want to work for defendants again and "because the future

financial viability of this corporation is quite precarious, future employment is far from assured

for anyone.").  While such a clause may be appropriate, generally an explanation regarding the

fairness of this prohibition should appear in the Motion. *See Garcia v. B&B Trucking Servs., Inc.*,

No. 5:17-CV-111-OC-PGB-PRL, 2017 WL 3207227, at *3 (M.D. Fla. July 12, 2017) (striking no

reemployment clause in FLSA settlement where there was no information regarding the

provision's fairness, "such as whether Plaintiff would desire future employment or regarding the

financial viability of Defendants" and no additional consideration was paid for this concession), *report and recommendation adopted*, No. 5:17-CV-111-OC-40PRL, 2017 WL 3193668 (M.D. Fla. July 27, 2017).   While the Motion does not discuss the fairness to Plaintiff in terms of whether he would desire to seek employment with Defendant again, the Motion does reflect that Jugamaxa LLC is no longer doing business. Doc. No. 45 at 6.   This is sufficient for purposes of this Agreement under these circumstances.

### D.   *Modification Language*

The Agreement also contains language which indicates it may be modified or amended by the parties in writing.[6]   Doc. No. 45-1 at 6 ¶ 14.   Pursuant to *Lynn's Food Stores, Inc.*, 679 F.2d at 1355, any future modifications to the Agreement are unenforceable absent judicial approval. As the Agreement also includes a severability provision, Doc. No. 45-1 at 5, the Court recommends that the improper modification language in paragraph 14 be stricken and the remainder of the Agreement be approved.

### IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 45) be **GRANTED in part** and **DENIED in part** as follows:

1.    That the following language be **STRICKEN** from paragraph 14 of the Agreement: "This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.";

2.    That the Motion be otherwise **GRANTED**; and

---

[6] Paragraph 14 provides:   "This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement." Doc. No. 45-1 at 6.

3.      Plaintiff's claim be **DISMISSED with prejudice** against Defendants.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on February 28, 2020.


_David A. Baker_
_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Counsel of Record
Unrepresented Parties