UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NORBERTO APONTE,**

    **Plaintiff,**

v.                                                               **Case No: 6:19-cv-597-Orl-41GJK**

**JUGAMAXA LLC. and MARTHA
GARCIA HURTADO,**

    **Defendants.**

                                              /

**ORDER**

THIS CAUSE is before the Court on the Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice ("Joint Motion," Doc. 45). United States Magistrate Judge David A. Baker issued a Report and Recommendation ("R&R," Doc. 47), in which he recommends granting in part the Joint Motion by approving the Settlement Agreement (Doc. 45-1) but striking the modification provision.[1] (*See generally* Doc. 47). Plaintiff filed a Notice of Non-Objection (Doc. 48).

After a *de novo* review of the record, and noting that no objections were timely filed, this Court agrees with the analysis set forth in the R&R with one exception. The Settlement Agreement requests that the Court retain jurisdiction to enforce the agreement. Courts in this district routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement agreement. *See, e.g., Correa v. Goldblatt*, No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla.

---

[1] The Settlement Agreement contains a severability provision. (Doc. 45-1 at 5). Thus, the Court can strike the modification provision without affecting the enforceability of the remainder of the Settlement Agreement. *See Pariente v. CLC Resorts & Devs., Inc.*, No. 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *5–6 (M.D. Fla. Nov. 14, 2014).

Sept. 9, 2011), *Report and Recommendation adopted by*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011), *Report and Recommendation adopted by*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). The parties have not given any compelling reason why the Court should retain jurisdiction over this case, and therefore the Court declines to do so.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 47) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. The Joint Motion for Entry of Order Approving Settlement and Dismissing Case with Prejudice (Doc. 45) is **GRANTED in part**.

    a. To extent that the modification provision of the Settlement Agreement (Doc. 45-1 at 6, ¶ 14) permits the parties to modify the agreement without Court approval, it is **STRICKEN**.

3. As modified herein, the parties' Settlement Agreement (Doc. 45-1) is **APPROVED**.

4. This case is **DISMISSED with prejudice**.

5. The Court declines to retain jurisdiction over the Settlement Agreement.

6. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 17, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party